**T.C. Alyne MULLINS, Plaintiff–Appellant,**

v.

**Terry L. STEWART, et al., Defendants–Appellees.**

No. 06–15718.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Oct. 31, 2007.

T.C. Mullins, Florence, AZ, pro se.

Lawrence A. Kasten, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Plaintiff–Appellant.

Susanna Carballo Pineda, DAG, Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: THOMPSON and TALLMAN, Circuit Judges, and DUFFY *, Senior Judge.

## MEMORANDUM **

In this 42 U.S.C. § 1983 action, T.C. Alyne Mullins, a prisoner presently confined in the Arizona Department of Correction's (ADOC) Special Management Unit II (SMU II), a high-security administrative segregation facility, appeals the grant of partial summary judgment in the defendants' favor. The district court ruled that Mullins was not denied due process of law by the 180–day periodic review process examining his classification as a member of the Aryan Brotherhood, a security threat group (STG), and the basis for his continued confinement in SMU II. The district court held a three-day bench trial on the balance of the claims as to the conditions of his confinement, and held that Mullins had not proved that those conditions rose to the level of a constitutional violation. Mullins challenges only the district court's adverse ruling on his due process claim.

The gravamen of Mullins' appeal is that, although he receives notice of each 180–day review hearing, has the opportunity to be present, and may present evidence on his behalf, his procedural due process rights are implicated because he has no *meaningful* opportunity to be heard. The only way to extricate himself from SMU II, he maintains, is to debrief—convince ADOC authorities that he has disassociated himself from the gang and provide information on the gang's structure and activity that would adversely impact the STG. Mullins contends that this situation is akin to a Catch 22: either he can debrief and return to the general prison population and face "probable" retaliation from other gang members for snitching, or remain silent and live his entire life in the bleak conditions of SMU II.

Mullins' position finds little support both in the case law and as a matter of sound policy. It seems that Mullins' contention on appeal is not about procedural due process, but a fear, legitimate or not, for his own safety. Notably, his argument appears to conflate an Eighth Amendment cause of action, *see, e.g., Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that under the Eighth Amendment "prison officials have a duty to protect prisoners from violence at the hands of other prisoners") (internal quotation marks and citation omitted), with a procedural due process claim. The former is not before the court. The district court properly held that Mullins' argument below was really a Fifth Amendment self-incrimination claim that debriefing did not implicate, and that the procedure associated with the review process provided him with all of the process that he was due.

The district court's grant of summary judgment in the defendants' favor is AFFIRMED.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.